UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
NATASHA GRIFFIN,

               Plaintiff,

               -against-

THE COUNTY OF SUFFOLK *et al*,

               Defendants,

--------------------------------------------------------------------X

**MEMORANDUM ORDER**

23-CV-5032 (NJC) (JMW)

**A P P E A R A N C E S:**

    Christopher H. Fitzgerald
    **Christopher H. Fitzgerald, Esq.**
    14 Wall Street, Suite 1603
    New York, NY 10005
    *Attorney for Plaintiff*

    Leigh Harris Sutton, Esq.
    Lily Anne Ockert, Esq.
    Daniel Eamonn Smyth, Esq.
    **Sutton & Smyth, LLP**
    30 Wall Street, 8th Floor
    New York, NY 10005
    *Attorneys for Plaintiff*

    Arlene S. Zwilling, Esq.
    Anne C. Leahey, Esq.
    **Suffolk County Attorney**
    P.O. Box 6100
    H. Lee Dennison Building-Fifth Floor
    100 Veterans Memorial Highway
    Hauppauge, NY 11788-0099
    *Attorney for Defendant County of Suffolk*

    *No appearance for Defendant Suffolk County Sheriff's Office*

    **Kyle O. Wood, Esq.**
    200 Vanderbilt Motor Parkway
    Hauppauge, NY 11788
    *Attorney for Defendant Jay Kaufman*

**WICKS,** Magistrate Judge:

Plaintiff, Natasha Griffin, commenced this suit against the County of Suffolk, the Suffolk County Sheriff's Office, and Jay Kaufman in his individual and official capacity (collectively "Defendants") alleging various claims under 42 U.S.C. § 1983, including the use of excessive force and the failure to intervene, as well as assault, battery, intentional infliction of emotion distress, negligent hiring, training, and supervision, and negligence under New York state law. (ECF No. 1.)

Currently before the Court is Plaintiff's motion to disqualify the Suffolk County Attorney's Office due to a series of what Plaintiff claims are nonwaivable conflicts of interest. (ECF Nos. 27.)  For the reasons that follow, Plaintiff's motion to disqualify is **DENIED**.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff alleges that while detained at Yaphank Correctional Facility, Defendant Kaufman,[1] a Correctional Officer at Yaphank, and another non-party were to escort Plaintiff to her appointment with a nurse to treat her diabetes.  (ECF No. 1 ¶¶ 17, 20, 22, 23.)  Kaufman, however, placed his hands on Plaintiff's shoulder and back, despite her compliance with the officer's directions.  (*Id*. ¶¶ 24-26.)  When she complained, Kaufman subsequently pushed her up against the wall.  (*Id*. ¶ 29.)  At this point she refused to see the nurse and began to make her way back into her cell when Kaufman "lifted Plaintiff off her feet while she was still in handcuffs and leg shackles" and slammed her onto the floor.  (*Id*. ¶¶ 31-32.)  She was taken to Brookhaven Hospital and Peconic Bay Medical Center, and as a result of the force used on her, she was diagnosed with a fractured right clavicle, four fractured ribs on her right side, one fractured rib on her left side, and also suffered from collapsed lungs.  (*Id*. ¶¶ 35, 42-43.)

---

[1] According to the Complaint, Kaufman is entitled to indemnification from the County of Suffolk for any liability.  (ECF No. 1 ¶ 18.)

Plaintiff filed the Complaint on July 3, 2023 (ECF No. 1) and the appearing Defendants filed their respective Answers shortly thereafter (ECF Nos. 10, 17) essentially denying all allegations.  The undersigned held an Initial Conference with the parties on October 31, 2023 setting forth a discovery scheduling order, which has since been modified.  (ECF Nos. 18 and 22.)

On May 20, 2024, Plaintiff's counsel filed a letter to the undersigned requesting a stay and outlining her anticipated motion to disqualify the County Defendant's counsel in light of various conflicts between the County and Kaufman.  (ECF No. 25.)  Specifically, Plaintiff asserts that a non-waivable conflict of interest exists pursuant to RCP Rule 1.7(a) because the Suffolk County Attorney's Office is actively representing Kaufman in an unrelated civil rights action[2] that is pending in this Court.  Plaintiff also contends that the interests of the County in its capacity as a municipality are in conflict with the interests of its employees as the defendants in this case given that it is a § 1983 action. (ECF No. 27.)  The motion to stay was granted and the parties were to bundle file the motion by July 19, 2024, which they did.  (ECF Nos. 27-29.)

## THE LEGAL FRAMEWORK

The Court is guided by both the American Bar Association ("ABA") and New York's Rules of Professional Conduct ("RPC") to determine disqualification motions.  *See Leber Assocs., LLC v. Entm't Group Fund, Inc*., No. 00-cv-3759 (LTS) (MHD), 2001 U.S. Dist. LEXIS 20352, at \*5 (S.D.N.Y. Dec. 7, 2001).  Disqualifying counsel has "a serious and immediate adverse effect by denying the client his choice of counsel."  *Soc'y for Good Will to Retarded Children, Inc. v. Carey*, 466 F. Supp. 722, 724 (E.D.N.Y. 1979).  Indeed, courts – which have wide discretion in deciding disqualification motions – should be "loathe to separate a client

---

[2] *See Oliver v. the County of Suffolk*,  20-cv-01877 (OEM) (JMW) (E.D.N.Y.).

3

from" chosen counsel.  *In re Bohack Corp.*, 607 F.2d 258, 263 (2d Cir. 1979).  This fundamental

precept, coupled with the risk for potential abuse of these types of motions for "tactical

purposes," is why motions for disqualification are subject to strict scrutiny in the federal courts.

*See Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989).  At bottom, motions to disqualify

should only be granted where the court concludes that there is a "significant risk of trial taint."

*Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981); *see also Galloway v. Nassau

Cnty.*, No. 19-CV-5026 (AMD) (JMW), 2021 WL 5013735 (E.D.N.Y. Oct. 27, 2021).  Thus, the

movant shoulders a heavy burden, and must establish *specific facts* warranting the

disqualification.  *See Evans v. Artek Sys. Corp.,* 715 F.2d 788, 791, 794 (2d Cir. 1983).

Conclusory statements merely parroting the language of the applicable Rule of Professional

Conduct will not suffice.  More is required.

## DISCUSSION

Plaintiff claims that a non-waivable conflict of interest exists between the County and

Kaufman pursuant to RPC Rule 1.7(a).  (ECF No. 27 at 4.)  Plaintiff argues that because the

County is representing Kaufman in the unrelated *Oliver* case, the Suffolk County Attorney has

"unfettered access to Kaufman and can obtain, either intentionally or unintentionally,

information that it can use to defend the County at the expense of Kaufman."  (*Id.* at 7.)  Plaintiff

also asserts that one of Kaufman's responses to Plaintiff's first set of interrogatories, in which

Kaufman states that he "is represented by conflict counsel assigned by County Defendants,"

proves that a conflict of interest exists.  (*Id.* at 5.)  Although the County referred the defense of

Kaufman to an outside law firm in the instant case, Plaintiff claims that this "does not alleviate

the conflict" as the Suffolk Attorney's Office is actively representing Kaufman in the unrelated

action and the County's initial decision to refer the defense of Kaufman to a private law firm demonstrates that their interests run counter. (*Id.*)

Plaintiff also claims that a conflict of interest exists between the County and Kaufman on the basis that "[b]ecause a municipality may be held liable under 42 U.S.C. § 1983 for employee's actions taken pursuant to municipal policy, the interests of a municipality and its employees as defendants in a 1983 action are in conflict." (ECF No. 27 at 6) (citing *Dunton v. County of Suffolk*, 729 F.2d 903, 907 (1984)). Specifically, Plaintiff argues that the Suffolk County Attorney can defend the County and damage Kaufman's interests by showing that Kaufman was "not acting pursuant to the County's policies and training when he engaged in the alleged conduct." (ECF No. 27 at 7.) Plaintiff contends that this could leave Kaufman exposed to a judgment for which indemnification by the County has not been promised, and Kaufman would have grounds to collaterally attack the judgment should he be found solely responsible at trial. (*Id.* at 7-8.) This would allegedly aggrieve Plaintiff because she has an interest in a fair and final adjudication of her claims. (*Id.* at 8.)

In opposition, Defendant argues that Plaintiff's Motion to Disqualify should be summarily denied because: (i) the County's conflict of interest arose under Rule 1.7(b)(3), *not* Rule 1.7(a), and has now been resolved; (ii) the Motion does not meet federal standards for the disqualification of an attorney and appears to be a "tactical device"; (iii) the *Dunton* case does not support Plaintiff's contention that the County has an actual conflict of interest with Kaufman; and (iv) the County and Kaufman have not taken divergent positions with respect to Kaufman's immunity from liability. (ECF No. 29.)

*First*, Defendant asserts that Plaintiff's reliance on Rule 1.7(a) is misguided because the County did not refer Kaufman's representation to outside counsel due to a conflict arising under

RPC Rule 1.7(a), but rather under RPC Rule 1.7(b)(3), which "prohibits representation of opposing parties in the same litigation, regardless of the clients' consent." (*Id.* at 9.) (quoting RPC Rule 1.7, Comment 23, Conflicts in Litigation).  According to Defendant, the County has resolved its Rule 1.7(b)(3) conflict with Kaufman as the County's administrative proceeding against him has since been resolved. (*Id.* at 9.)

*Second*, Defendant asserts that courts in the Second Circuit disqualify attorneys only in essentially two kinds of cases: "[i] where an attorney's conflict of interests undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly [ii] where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation."  (*Id.* at 11) (quoting *Painter v. Turing Pharms., LLC*, 17 CV 7558 (CBA)(LB), 2018 WL 10529533, at *1 (E.D.N.Y. Aug. 7, 2018)). According to Defendant, Plaintiff fails to meet either prong of this disqualification test because she fails to show that the Suffolk County Attorney's Office is: (i) unable to represent Kaufman vigorously in the *Oliver* case; and (ii) in a position to use privileged information acquired during its representation of Kaufman in the *Oliver* case to hurt Plaintiff's interest in the instant case. (*Id.*)  Regarding the latter prong, Defendant contends that the information obtained by the Suffolk County attorney during its representation of Kaufman in the *Oliver* case could not affect Kaufman's immunity defense in the instant case because the incident alleged in the *Oliver* case involves "different facts and circumstances."  (*Id.* at 12.)  Therefore, "any information gleaned during the *Oliver* case would solely affect Kaufman's immunity from liability for the incident on January 20, 2020, and not the later incident on September 7, 2022" which is at issue in the instant case.  (*Id.*)  Accordingly, Defendant asserts that the instant motion appears to be a

"tactical device" on Plaintiff's part since her claim that the alleged Rule 1.7(a) conflict affects her adversely is without merit. (*Id.* at 10.)

 *Third*, Defendant contends that the allegations in the instant complaint support that Kaufman was acting within the scope of his employment and, therefore, an actual conflict of interest does not exist between the County and Kaufman regarding the issue of Kaufman's immunity to liability.  (*Id.*)  Unlike *Dunton*, where the incident occurred outside of working hours in a parking lot after a retirement party, the incident in the instant case occurred during working hours at the Suffolk County Correctional Facility in Yaphank as Kaufman was attempting to carry out his task of escorting an inmate to the nurse.  (*Id.* at 15.)  Therefore, Plaintiff claims that the instant complaint does not present an "actual, present, and immediate conflict" between the interest of the County and the interests of the Kaufman, as was the case in *Dunton*. (*Id.*)

 *Fourth*, Defendant asserts that the County and Kaufman's position on the immunity issue do not diverge because the County has not actually claimed that Kaufman was acting outside of County policies and training during the alleged incident.  (*Id.* at 16.)  The affirmative defenses raised by the County and Kaufman are essentially the same, which further demonstrates their solidarity on the issue of immunity. (*Id*). As a ninth affirmative defense, the County's answer asserted that the defendants: "at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities"; "acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials"; "at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers"; and "in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity."

(*Id.*)  Finally, both the County and Kaufman asserted the defense of qualified and/or absolute immunity.  (*Id.*)  As a tenth affirmative defense, the County asserted that "this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts." (*Id.*)

## A. Conflicts of Interest

### a.  Is there a Rule 1.7(a) Conflict of Interest?

Rule 1.7(a) states in relevant part that "a lawyer shall not represent a client if a reasonable lawyer would conclude that either: (1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property, or other personal interests."  NYRPC § 1.7(a).  "Where a conflict is alleged," and "the representation is concurrent, it is prima facie improper for an attorney to simultaneously represent a client and another party with interests directly adverse to that client."  *Spagnuoli v. Louie's Seafood Restaurant, LLC*, 20 F. Supp. 3d 348, 357 (E.D.N.Y. 2014) (citing *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005)).

Here, although the County is representing Kaufman in the ongoing *unrelated Oliver* matter, the County has referred the defense of Kaufman to outside counsel.  The County is not concurrently representing Kaufman in the *Oliver* case and the instant case and therefore NYRPC 1.7(a) is inapplicable.

Further, the basis for the County's referral of Kaufman's defense to outside counsel was not due to a Rule 1.7(a) conflict, but rather a Rule 1.7(b)(3) conflict.  Rule 1.7(b)(3) "prohibits representation of opposing parties in the same litigation, regardless of the client's consent."  RPC Rule 1.7, Comment 23, Conflicts in Litigation.  At the time this action was commenced, the County was in an administration proceeding against Kaufman and therefore a Rule 1.7(b)(3)

conflict squarely existed.  However, a Rule 1.7(b)(3) conflict no longer exists given that the County's administrative proceeding against Kaufman has since been resolved and the County has referred Kaufman's defense in the instant matter to outside counsel.  Accordingly, Rule 1.7(a) does not apply here and Plaintiff's contention that the Suffolk County Attorney's Office should be disqualified is without merit.

### b.   Is there an Officer v. Municipality Conflict?

The Second Circuit has made clear that simply because of a joint representation of the County and its employees does not result in automatic or per se disqualification.  *See Coggins v. County of Nassau*, 615 F. Supp. 2d 11, 33 (E.D.N.Y. 2009) ("The Second Circuit has been clear that 'in *Dunton* ... this Court declined to create a per se rule requiring disqualification whenever a municipality and its employees are jointly represented in a Section 1983 case. Rather, a case-by-case determination is required."); *see also Norton v. Town of Islip*, 04 CV 3079 (NGG) (WDW), 2006 WL 2465031, at *5 (E.D.N.Y. Aug. 23, 2006).)  When a municipality defendant agrees to indemnify its own officer in a § 1983 case, it follows that their interests are aligned, rather than being in conflict.  *See Galloway v. Nassau County*, 569 F. Supp. 3d 143, 149 (E.D.N.Y. 2021) ("the Nassau County Police Officer Indemnification Board agreed to indemnify each individual defendant for all damages, including punitive damages, which aligns the parties."); *see also Coggins*, 615 F. Supp. 2d at 33 (holding that the interests of Nassau County and its officers were aligned given the final determinations of the Nassau County Police Officer Indemnification Board which found that the officer acted within the scope of their employment).

The Second Circuit in *Dunton* reversed and remanded an award of damages for plaintiff where the defendant-husband's attorney had been involved in representations that were prejudicial to the husband, which provided the husband with no chance to put forward a good

faith immunity defense. *Dunton v. County of Suffolk*, 729 F.2d 903, 909 (2d Cir. 1984). There, the County Attorney defended itself—instead of the defendant—stating that the defendant was acting as an "irate husband" and not under the color of state law, thereby taking a position "directly contrary to his interest." *Id.* at 907-08. The *Dunton* court noted that in such an instance, "disqualification would have been appropriate *even before* any proceedings began." *Id.* at 907 (emphasis added).

Decisions of the Second Circuit following *Dunton* support that a conflict of interest does *not* exist between a municipality and an officer where the municipality raises defenses supporting the officer's immunity from liability. *See Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (finding that "an improper conflict of interest" did not exist where the City attorney argued that "the officers were acting in their official capacity" and "argued all possible defenses available to them, including the qualified immunity defense"); *see also Patterson v. Balsamico,* 440 F.3d 104, 115 (2d Cir. 2006) ("[t]he particular conflict cited in *Dunton* is simply not present here since "[a]t no time did [the attorney who represented all defendants] assert that [he corrections officer] was acting 'outside the scope of his employment' during the January 1999 assault, as the attorney had in *Dunton*.")

Here, the interests of the County and Kaufman appear at this juncture to be aligned rather than in conflict, unlike the court's finding in *Dunton*. The County has supported the claims by Kaufman that he is immune from liability and has affirmed that he was acting within the scope of his employment during the alleged incident at Yaphank Correction Facility.[3] Further, both the

---

[3] In its answer, the County asserted as a ninth affirmative defense that the defendants "at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities" and "in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity." (ECF No. 10 at 5.)

County and Kaufman have asserted the defense of qualified and/or absolute immunity in their respective answers, which demonstrates their alignment on the issue of whether Kaufman is immune from liability.  (*See* ECF Nos. 10 and 17.)  Accordingly, Plaintiff's claims that the Suffolk County Attorney's Office representation of the County is detrimental to Kaufman and would open the door for Kaufman to collaterally attack the judgment should he be found solely responsibly at trial is unconvincing and does not show specific facts to which this Court can conclude that there is a "significant risk of trial taint." *Glueck*, 653 F.2d at 748.

Since the County has supported claims by Kaufman that he is immune from liability and was acting in the scope of his employment, there is no conflict of interest at this time that warrants the Suffolk County Attorney's Office to be disqualified from representing the County in this case.

## CONCLUSION

For the reasons stated, Plaintiffs' motion to disqualify the Suffolk County Attorney's Office (ECF No. 27) is **DENIED**.

Dated:  Central Islip, New York
        August 6, 2024

                          S O   O R D E R E D:
                          /S/ *James M. Wicks*
                          JAMES M. WICKS
                          United States Magistrate Judge

11