UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NATASHA GRIFFIN,

                *Plaintiff*,

                                                                           **ORDER**

       -against-                                          23-cv-05032 (NJC)(JMW)

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
SHERIFF'S OFFICE, and JAY KAUFMAN (*in his
individual and official capacity*),

                *Defendants*.
-------------------------------------------------------------X

**WICKS**, Magistrate Judge:

      Plaintiff Natasha Griffin ("Plaintiff") commenced this action on July 3, 2023 against Defendants for their purported violations of Plaintiff's constitutional rights and for physical injuries they caused on September 7, 2022 while Plaintiff was detained at Yaphank Correctional Facility. (*See generally* ECF No. 1.) The final fact discovery deadline -- which had been extended multiple times -- was over two months ago, namely, December 16, 2024. (Electronic Order, 10/2/2024.) Defendants now seek to reopen discovery for purposes of securing a HIPAA release ("Release") from Plaintiff for her medical records maintained by the Suffolk County Health Services Jail Medical/Mental Health Unit for the five-month period between April 13, 2022 and September 23, 2022. (ECF No. 41.) For the following reasons, Defendants' Motion to reopen fact discovery is **DENIED**.

"A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018) (internal quotations and citations omitted). "[W]here there has been 'a fully adequate opportunity for discovery' the trial court may consider whether additional discovery would yield dispositive evidence." *Jacobs v. New York City Dept. of Educ.*, No. 11-CV-5058 (MKB) (RML), 2015 WL 7568642, at *3 (E.D.N.Y. Nov. 24, 2015) (emphasis added) (quoting *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511-12 (2d Cir. 1989)). Courts apply a six-part test when faced with an eleventh-hour request to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the nonmoving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Moroughan*, 320 F. Supp. 3d at 515. The Court considers the motion through the lens of this standard.

*First*, although there is no set trial date pending in this case yet, "the parties are preparing for trial" considering a Status Conference to discuss trial dates is set for May 19, 2025, the parties have been directed to comply with the undersigned's Individual Rules for filing their joint pre-trial order, and a Final Pretrial Conference is scheduled before the Honorable Nusrat J. Choudhury for June 2, 2025. (Electronic Order dated February 26, 2025); *Su v. Versa Cret Contracting Co.*, No. 21-cv-05697 (JMA) (JMW), 2024 WL 1704695, at *5 (E.D.N.Y. Apr. 19, 2024) (concluding the first factor weighed against reopening discovery where the parties were directed to submit joint pretrial orders and a Final Pretrial Conference was scheduled).

*Second*, Plaintiff opposes Defendants' request, vigorously raising Defendants' siginifant lack of diligence undertaken during discovery and the potential prejudice Plaintiff would endure if discovery were to be now reopened. *See Cutrone v. BJ's Wholesale Club, Inc.*, No. 21-cv-00787 (OEM) (LGD), 2023 WL 8792674, at *2 (E.D.N.Y. Dec. 19, 2023) (denying the motion to reopen discovery where, among other factors, the opposition strenuously raised the underlying prejudice that would result from the court reopening fact and expert discovery).

*Third*, Plaintiff would be prejudiced if discovery was reopened. Defendants make this request based on information that their expert flagged when forming his rebuttal report. (ECF No. 41.) Reopening discovery based on this timing effectively precludes Plaintiff from responding or seeking discovery of any new conclusions made. Indeed, any effort to explore the expert's newly formed conclusions resulting from the Release would undoubtedly result in Plaintiff incurring substantial additional costs and expenses, and it is unclear whether any of this additional discovery will "bear more fruit relating to the claims, counterclaims, or defenses in this case." *See 6340 NB LLC v. Cap. One, N.A.*, No. 20-cv-02500 (OEM) (JMW), 2024 WL 897000, at *3 (E.D.N.Y. Mar. 1, 2024).

*Fourth*, Defendants were not diligent in obtaining the Release during the discovery phase. Notably, Defendants seek disclosure of a HIPAA release for medical records pertaining to the time period between April 13, 2022 and September 23, 2022, a time period directly before and after the incident date which was September 7, 2022. (*See* ECF No. 41 at p. 1.) Under these circumstances, the information was apparently available for Defendants during discovery considering the close temporal proximity of the sought-after records to the incident date, Defendants were not diligent during the discovery phase. *Sentry Ins. v. Brand Management Inc.*, No. 10-CV-00347 (ENV), 2012 WL 3288178, at *3 (E.D.N.Y. Aug. 10, 2012) (rejecting a motion

3

to reopen discovery where the party should have known the information in advance of the deadline sought to be extended, thereby evidencing a lack of diligence).

*Fifth*, the parties had more than adequate time to pursue the now-requested discovery. Here, the docket illustrates that the parties requested extensions of discovery on April 23, 2024 (ECF No. 22), August 28, 2024 (ECF No. 31), October 2, 2024 (ECF No. 32), January 14, 2025 (ECF No. 36), and February 21, 2025 (ECF No. 39). Each request was granted (ECF No. 23, Electronic Orders dated August 29, 2024, October 2, 2024, January 15, 2025, and February 22, 2025). Indeed, the undersigned warned the parties on several occasions that the extended discovery dates were final and no further extensions would be granted. (ECF No. 24, Electronic Orders dated October 2, 2024, and February 22, 2025). Because the discovery now sought could have been pursued long ago, this factor weighs heavily against Defendants. *See Yan v. Zhou*, No. 18-CV-04673 (GRB) (JMW), 2021 WL 5239773, at *3 (E.D.N.Y. Nov. 10, 2021) (determining the foreseeability of the need for additional discovery factor favored plaintiff, the party opposing reopening discovery, where numerous extensions of time were granted throughout the course of discovery).

*Sixth*, Defendants argue that because their expert "indicated that he requires the additional records to conduct his review, *it is likely* that the additional discovery is essential for the formulation of his expert opinion." (ECF No. 41 at p. 2) (emphasis added). Simply because an expert requires evidence to formulate his or her report does not mean discovery would lead to relevant evidence.  Furthermore, Defendants' conclusory reason for how this Release would lead to evidence relevant to their claims and/or defenses leaves this Court guessing what relevant evidence, if any, may result if discovery is reopened. *See Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001) ("When a party merely speculates as to what evidence would

be produced upon further discovery, a court is correct in denying the party's request to allow more discovery.").

Rule 1 of the Federal Rules of Civil Procedure command that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Reopening discovery under the circumstances presented here run afoul of that mandate. Accordingly, because all factors weigh against reopening discovery, "the Court finds Defendants have not met their burden in demonstrating good cause to re-open discovery at this late stage in the litigation." *Versa Cret Contracting Co.*, 2024 WL 1704695, at *8. Defendants' Motion to reopen discovery (ECF No. 41), is **DENIED**.

Dated: Central Islip, New York
       March 11, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

5